**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO. 1:25-cv-** |
| **v.** | § | **00272-LMM-WEJ** |
| | § | |
| **THE KROGER COMPANY,** | § § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Kroger Co., (hereinafter referred to as "Kroger" or "Defendant"), submits its Answer and Affirmative Defenses to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or "Commission") Complaint on behalf of Portia Taylor ("Taylor") as follows:

## I.
## ANSWER

### A.   Jurisdiction and Venue

1.     Kroger admits that Plaintiff has properly invoked jurisdiction in this Court, but denies it has violated the federal statutes listed in paragraph 1 of Plaintiff's Complaint.

1

2.      Kroger admits that venue is proper in this Court, but denies it committed unlawful employment practices, as alleged in paragraph 2 of Plaintiff's Complaint.

**B.      Parties**

3.      Kroger admits the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Kroger admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Kroger admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.      Kroger admits the allegations in paragraph 6 of Plaintiff's Complaint.

**C.      Administrative Procedures**

7.      Kroger admits the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Kroger admits that Plaintiff issued a Letter of Determination on April 4, 2024. Kroger denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Kroger admits that Plaintiff issued a Notice of Failure of Conciliation on June 12, 2024. Kroger denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Kroger denies the allegations in paragraph 10 of Plaintiff's Complaint.

**D.      Statement of Facts**

11.     Kroger denies the allegations in paragraph 11 of Plaintiff's Complaint.

12.     Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint; and therefore denies same.

13.    Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint; and therefore denies same

14.    Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint; and therefore denies same.

15.    Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint; and therefore denies same.

16.    Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint; and therefore denies same.

17.    Kroger is without sufficient knowledge or information to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint; and therefore denies same.

18.    Kroger admits that Taylor applied for a cashier position at Store #461 located at 1225 Caroline St., NE Atlanta, Georgia 30307.

19.    Kroger admits that Assistant Store Leader Caylen Gaither interviewed and extended an offer to Taylor.

20.    Kroger denies the allegations in paragraph 20 of Plaintiff's Complaint.

21.    Kroger admits that Kroger hired Taylor as a cashier in or around March 2023.

22.    Kroger admits that Taylor was responsible for scanning items, bagging groceries, and processing customer payments, among other job duties, in her role as a cashier.

23.   Kroger denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.   Kroger admits that Taylor was responsible for keeping her workstation clean.

25.   Kroger denies the allegations in paragraph 25 of Plaintiff's Complaint.

26.   Kroger denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.   Kroger denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.   Kroger denies the allegations in paragraph 28 of Plaintiff's Complaint.

29.   Kroger denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.   Kroger denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.   Kroger denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.   Kroger denies the allegations in paragraph 32 of Plaintiff's Complaint.

33.   Kroger admits that Taylor provided medical documentation dated April 11, 2023. Kroger denies the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34.   Kroger admits that Taylor provided medical documentation indicating that she was cleared to return to work on April 18, 2023. Kroger denies the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.   Kroger denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.   Kroger denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.   Kroger denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.    Kroger denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.    Kroger denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.    Kroger denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.    Kroger denies the allegations in paragraph 41 of Plaintiff's Complaint.

42.    Kroger denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.    Kroger denies the allegations in paragraph 43 of Plaintiff's Complaint.

44.    Kroger denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.    Kroger denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.    Kroger denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.    Kroger denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.    Kroger denies the allegations in paragraph 48 of Plaintiff's Complaint.

49.    Kroger denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.    Kroger denies the allegations in paragraph 50 of Plaintiff's Complaint.

51.    Kroger admits that Taylor submitted a complaint through Kroger's internal phone-based reporting system on or about May 15, 2023.

52.    Kroger admits that Kroger concluded its investigation and communicated this to Taylor on or about May 23, 2023.

53.    Kroger denies the allegations in paragraph 53 of Plaintiff's Complaint.

54.    Kroger admits that Taylor contacted Kroger through the portal and requested additional information regarding the investigation on or about May 23,

2023. Kroger denies the remaining allegations in paragraph 54 of Plaintiff's Complaint.

55.     Kroger denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Kroger admits that Kroger informed Taylor that a determination was made that the report could not be substantiated on or about August 8, 2023. Kroger denies the remaining allegations in paragraph 56 of Plaintiff's Complaint.

57.     Kroger admits that Taylor responded to Kroger on or about August 9, 2023 and informed Kroger that she had filed a claim with the EEOC.

58.     Kroger admits that Kroger informed Taylor that the matter was referred to Kroger's legal department.

59.     Kroger admits that is has not contacted Taylor directly following her EEOC claim.

60.     Kroger admits that Taylor has been on unauthorized leave since April 2023.

61.     Kroger denies the allegations in paragraph 61 of Plaintiff's Complaint.

62.     Kroger denies the allegations in paragraph 62 of Plaintiff's Complaint.

**E.     Statement of Claims**

63.     Kroger denies the allegations in paragraph 63 of Plaintiff's Complaint..

*Allegations Common to All Claims*

64.     Kroger denies the allegations in paragraph 64 of Plaintiff's Complaint.

65.    Kroger denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.    Kroger denies the allegations in paragraph 66 of Plaintiff's Complaint.

67.    Kroger denies the allegations in paragraph 67 of Plaintiff's Complaint.

68.    Kroger denies the allegations in paragraph 68 of Plaintiff's Complaint.

69.    Kroger denies the allegations in paragraph 69 of Plaintiff's Complaint.

### *Failure to Accommodate*

70.    Kroger denies the allegations in paragraph 70 of Plaintiff's Complaint.

71.    Kroger denies the allegations in paragraph 71 of Plaintiff's Complaint.

72.    Kroger denies the allegations in paragraph 72 of Plaintiff's Complaint.

73.    Kroger denies the allegations in paragraph 73 of Plaintiff's Complaint.

### *Failing to Schedule Taylor for Shifts*

74.    Kroger denies the allegations in paragraph 74 of Plaintiff's Complaint.

75.    Kroger denies the allegations in paragraph 75 of Plaintiff's Complaint.

76.    Kroger denies the allegations in paragraph 76 of Plaintiff's Complaint.

### *Retaliation*

77.    Kroger denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.    Kroger denies the allegations in paragraph 78 of Plaintiff's Complaint.

79.    Kroger denies the allegations in paragraph 79 of Plaintiff's Complaint.

F.    **Prayer for Relief**

Kroger denies Plaintiff is entitled to any of the relief requested in the Prayer for Relief paragraph, including the relief requested in subparts (A) – (I).

Kroger denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

G.    **Jury Trial Demanded**

Kroger admits Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## II.
## <u>AFFIRMATIVE DEFENSES</u>

### First Defense

Kroger affirmatively pleads that its conduct was lawful because Taylor was unable to perform one or more essential job functions with or without reasonable accommodation.

### Second Defense

Plaintiff's claims for disability discrimination may be barred to the extent that accommodating Taylor's disability (if any) would have constituted an undue hardship or a direct threat to the safety of Taylor or others.

### Third Defense

All actions taken with regard to Taylor were made in good faith, and were at all times motivated by legitimate business considerations, which were essential and necessary to the operation of Kroger's business; and these actions were not, solely or in part, based upon any unlawful consideration or otherwise the result of any unlawful motive.

### Fourth Defense

Taylor's own acts or omissions caused or contributed to her alleged damages.

**Fifth Defense**

Kroger made a good faith effort to comply with the law, and, therefore, is not liable for any alleged intentional, malicious, or grossly negligent acts of its agents or employees.

**Sixth Defense**

Taylor suffered no damages as a result of any act or omission of Kroger, and Taylor has failed to mitigate her damages, if any.

**Seventh Defense**

Plaintiff's claims are barred by the doctrine of unclean hands, estoppel and/or after-acquired evidence by reason of Plaintiff and/or Taylor's conduct and actions.

**Eighth Defense**

Kroger exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior.

**Ninth Defense**

Taylor is not a qualified individual with a disability within the meaning of the ADA; therefore, Taylor is not entitled to any protection or relief under those statutes.

**Tenth Defense**

To the extent Plaintiff asserts Taylor's alleged disability was a motivating factor in the employment decisions(s) at issue, Kroger affirmatively states that it would have made the same decisions(s) regardless of Taylor's alleged disability.

10

### Eleventh Defense

All actions taken with regard to Taylor were made in good faith, and were at all times motivated by legitimate business considerations, which were essential and necessary to the operation of Kroger's business; and these actions were not, solely or in part, based upon any unlawful consideration or otherwise the result of any unlawful motive.

### Twelfth Defense

The EEOC failed to engage in good faith conciliation and exhaust administrative remedies prior to filing suit.

### Thirteenth Defense

Kroger denies that Plaintiff suffered any physical pain, mental anguish, or emotional distress whatsoever as a result of actions taken by Kroger, and any physical pain, mental anguish, or emotional distress suffered by Plaintiff is attributable to causes independent of Kroger's action.

### Reservation of Defenses

In addition to the foregoing affirmative defenses, Plaintiff's claims may be subject to one or more of the remaining affirmative defenses provided in 8(c) of the Federal Rules of Civil Procedure. Kroger hereby affirmatively reserves the right to add such defenses to Plaintiff's claims upon completion of discovery.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, Kroger respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that Plaintiff take nothing in this lawsuit, and that Kroger be awarded whatever relief to which it may show itself justly entitled, including, but not limited to, the recovery of attorney's fees and costs for the defense of this litigation.

Respectfully submitted this 28th day of March 2025.

/s/ *David L. Barron*
David L. Barron (*pro hac vice*)
Texas Bar No. 00798051
Nicole E. Su (*pro hac vice*)
Texas Bar No. 24106476
COZEN O'CONNOR, P.C.
LyondellBasell Tower
1221 McKinney Suite 2900
Houston, TX 77010
Telephone: 713-750-3132
Fax: 832-706-3425
dbarron@cozen.com
nsu@cozen.com

/s/ *Danielle C. Le Jeune*
Georgia Bar No. 134222
COZEN O'CONNOR, P.C.
The Promenade, Suite 400
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-2050
Facsimile: (404) 287-0265
E-mail: dlejeune@cozen.com

**COUNSEL FOR DEFENDANT**

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font in accordance with LR 5.1B, N.D.Ga.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:25-cv-00272-LMM-WEJ |
| THE KROGER COMPANY, | § § § | |
| Defendant. | § § | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via ECF March 28, 2025, to all parties and/or counsel of record as follows:

Matthew D. O'Brien
Trial Attorney
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Atlanta, GA 30303
matthew.obrien@eeoc.gov

**COUNSEL FOR PLAINTIFF**

*/s/ David L. Barron*
David L. Barron

76385175\1

14